IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17-CR-134 |
| vs. | |
| JALLANA LEMUZ, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the defendant's motion to suppress evidence (filing 15), the Magistrate Judge's Finding and Recommendation (filing 26) recommending that the motion be granted, and the government's objection (filing 29) to the finding and recommendation. Having conducted a *de novo* review of the record pursuant to 28 U.S.C. § 636(b)(1)(C), the Court will adopt the Magistrate Judge's recommendation. Accordingly, the government's objection (filing 29) will be overruled, and the defendant's motion to suppress (filing 15) will be granted.

The facts of this case, generally summarized, are as follows.[1] On February 14, 2017, the defendant traveled from Denver, Colorado to Omaha, Nebraska by Amtrak train. Filing 26 at 1-3. Immediately upon disembarking from the train, the defendant was approached by Deputy Wineinger of the Douglas County Sheriff's Office, who was working as a commercial interdiction officer and conducting surveillance at the Amtrak station. Filing 26 at 1. Wineinger asked the defendant several questions about her identity

---

[1] The Magistrate Judge has provided a detailed factual overview of the events leading up to and following the defendant's arrest. *See* filing 26 at 1-5. The Court need not reiterate all those details here.

and whereabouts, and eventually sought permission to search her duffel bag and backpack. After resisting the officer's request, the defendant was detained, and the officer's police dog was deployed to perform a canine sniff. Filing 26 at 2-5. The dog alerted to the defendant's duffel bag only, and the defendant (and her luggage) were transported to Wineinger's office, where he obtained a search warrant for both bags. No illegal substances were found in the defendant's duffel bag, but Wineinger did uncover a "cellophane-wrapped, heat-sealed bundle of a white, powdery substance" in the defendant's backpack that Wineinger believed was cocaine. Filing 26 at 5.

The defendant has moved to suppress the evidence, arguing that she was unlawfully seized in violation of the Fourth Amendment. *See* filing 26 at 5; filing 16. As a result, the defendant contends, "all evidence discovered during the search of her bags[] must be suppressed as inadmissible fruit [of the poisonous tree]." Filing 16 at 16. The government argues that Wineinger's investigatory stop was supported by reasonable suspicion, and therefore justified under the Fourth Amendment. Filing 18 at 6. It points to several factors which, it claims, supports that argument, including: (1) the defendant's arrival from a "source location"; (2) the defendant's purchase of a one-way ticket; (3) the defendant's luggage, which was "new" and "still had the pricetag ring attached"; and (4) the defendant's demeanor during the encounter, which Wineinger generally described as "nervous." Filing 18 at 6-7; filing 26 at 6.

The Magistrate Judge held an evidentiary hearing on the defendant's motion on June 15, 2017. There, the government adduced extensive testimony from the arresting officer, Wineinger, regarding the events leading up to and following the underlying encounter. The Court also received video

footage of the incident from Wineinger's body camera, and defendant's exhibits 101 through 118. *See* filing 21.

The Magistrate Judge, after a thorough review of the argument and evidence, issued a Finding and Recommendation (F&R), recommending that this Court grant the defendant's motion to suppress. Filing 26. Specifically, the Magistrate Judge—examining the totality of the circumstances—found that the government's justifications for the investigatory stop did "not generate reasonable suspicion to warrant [the defendant's] detention." Filing 26 at 7. Rather, the Magistrate Judge concluded, the government's stated reasons for the stop (*i.e.*, the defendant's one way ticket, her newer-looking luggage, etc.) were "consistent with innocent travel" and therefore insufficient, at least for Fourth Amendment purposes, to justify the seizure. Filing 26 at 7 (citing *United States v. Campbell*, 843 F.2d 1089, 1093-94 (8th Cir. 1988)). The Magistrate Judge also found Wineinger's testimony "less than credible," pointing to apparent discrepancies between the officer's description of events and the encounter as depicted on his body camera. Filing 26 at 10.

The government objects to the Magistrate Judge's F&R. Filing 29. It contends that the Magistrate Judge, while correctly acknowledging the "totality of circumstances" standard, failed to fully consider each of the government's justifications for the stop. Filing 30 at 10. As a result, the government contends, the Magistrate Judge incorrectly determined that the arresting officer lacked reasonable suspicion to detain the defendant. *See* filing 30 at 16. The government also objects to the Magistrate Judge's "less than credible" determination regarding Deputy Wineinger. Filing 30 at 16. To that end, the government claims that the discrepancies, if any, were insignificant, and that Wineinger in no way intended to "mislead the court or

to intentionally present false testimony." Filing 30 at 19. Accordingly, the government urges the Court to reject the F&R to the extent that its "less than credible" language constitutes a "finding." Filing 30 at 17.

But the government has, to some extent, overstated the issues presently before the Court. People often perceive or recall events differently, and the Court may consider and resolve those discrepancies without ascribing them to deceit. Indeed, the Court need not, and does not, determine whether Deputy Wineinger attempted to deceive or in some fashion mislead the Court during his testimony.

Rather, the Court must, upon a *de novo* review, determine whether the arresting officer had reasonable suspicion to justify the investigatory stop. And that inquiry turns on whether Wineinger was aware of "particularized, objective facts which, taken together with rational inferences from those facts, reasonably warrant suspicion that a crime is being committed." *United States v. Houston*, 548 F.3d 1151, 1153 (8th Cir. 2008) (quoting *United States v. Martin,* 706 F.2d 263, 265 (8th Cir.1983)). For the reasons set forth in the F&R, and after careful review of the entire record, the Court finds that Deputy Wineinger lacked reasonable suspicion to initiate the stop, and that the evidence must therefore be suppressed.

To be clear: the Court does not suggest that the discrepancies between Wineinger's testimony and the events depicted in the video footage are entirely irrelevant. In fact, the Court agrees that such discrepancies exist, particularly with respect to Wineinger's description of the defendant's demeanor. For example, it does not appear from the video that the defendant's hands were shaking, or that she was "on the verge of breaking down and crying" as Wineinger testified. *See* filing 25 at 15, 21, 31. And it is clear, despite Wineinger's confusion, that the defendant was forthright about

her identity when initially asked—a point that Wineinger has since acknowledged. *See* filing 30 at 17.

But again, the question here is not whether the officer's testimony perfectly described the events leading up to the defendant's arrest. It is whether the officer's seizure was supported by *objectively* reasonable suspicion of criminal activity. *See United States v. Eustaquio,* 198 F.3d 1068, 1070 (8th Cir. 1999). And for the reasons explained, the Court concludes that it was not. The Magistrate Judge's F&R will be adopted, and the defendant's motion to suppress will be granted.

IT IS ORDERED:

1. The government's objection (filing 29) to the Magistrate Judge's Findings and Recommendation is overruled.

2. The Magistrate Judge's recommendation (filing 26) is adopted.

3. The defendant's motion to suppress (filing 15) is granted.

Dated this 4th day of October, 2017.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge